DECISION.
Defendant-appellant Terrance Farmer pleaded no contest to possession of 4.25 grams of crack cocaine in violation of R.C. 2925.11(A). The trial court found Farmer guilty of a fourth-degree felony under R.C. 2925.11
(C)(4)(b), and though "there is a presumption for a prison term for the offense," Farmer did not initially receive a prison sentence.
According to the record, Farmer had entered a court-sponsored drug-intervention program after his arrest and arraignment, but before his indictment and appearance before the court. Farmer was removed from the program because he had tested positive for drug use more than once, and it was recommended that Farmer receive inpatient treatment. But, at sentencing, he refused residential treatment. The court warned Farmer that his refusal to accept residential treatment was a mistake, and sentenced him to three years of community control.
Approximately six weeks later, Farmer returned to court because he had again tested positive for drug use, this time in violation of the terms of his community control. His community-control status was reinstated with the condition that he complete a short-term residential program. Farmer tested positive for drugs two months later and was sent back to the residential program for reassessment, but he refused to stay as an inpatient. With this refusal, the court sentenced Farmer to eighteen months in prison, the maximum term for a fourth-degree felony.
Farmer argues on appeal that the record does not support the imposition of the maximum prison term.[1] To reverse or reduce Farmer's sentence would require us to hold that, by clear and convincing evidence, the record does not support the trial court's imposition of the maximum sentence.[2] Instead, we affirm Farmer's sentence.
Before imposing a maximum prison sentence, the trial court must make certain findings. In this case, the court found that Farmer was deserving of the maximum prison term because he posed the greatest likelihood of recidivism.[3] Farmer challenges this finding. Specifically, the trial court found under R.C. 2929.12(D) that Farmer was more likely than not to commit future crimes according to four of five defined criteria. Farmer claims that one of those findings was in error, and that, as a result, only three of the five criteria were applicable. Farmer believes that if only three of the five criteria concerning the likelihood of recidivism applied to him, then the record clearly and convincingly does not support the finding that he posed the greatest likelihood of recidivism. We disagree.
First, even if it were true that the trial court erred and that only three of five criteria indicated the likelihood of Farmer's recidivism, we could not agree that the record clearly and convincingly fails to support the court's imposition of the maximum term. The legislature has not required the finding of a minimum number of recidivism factors in order to impose a maximum sentence. Rather, the court is to weigh each factor in the context of the individual case. Even in the absence of the factor of which Farmer complains, the record contains enough evidence to affirm the sentence of the court. The court's reliance on Farmer's prior delinquencies and convictions, his unsuccessful prior probation, and his refusal to acknowledge a substance-abuse pattern was alone sufficient.
But Farmer is also wrong when he contends that the trial court erred in finding one of the recidivism factors applicable. Farmer claims that when the court found that he was under a type of court control, and therefore presented a greater likelihood of recidivism, the court was referring to his later, unsuccessful community control for this offense. Farmer correctly points out that such a finding would have been in error. A finding that a defendant is under court control must relate to the time of the original offense, not to a subsequent violation of court control for the same offense.[4] But the presentence-investigation report reveals that Farmer was on probation for falsification when he was convicted of this felony. Thus, the court's finding was accurate.
There is ample evidence in the record before us to support the court's imposition of the maximum term. Farmer's sole assignment of error is overruled.
Therefore, the judgment of the trial court is affirmed.
 ____________________ Painter, Presiding Judge.
 Sundermann and Winkler, JJ., concur.
[1] See R.C. 2953.08(A)(1)(a).
[2] See R.C. 2953.08(G)(1)(a).
[3] See R.C. 2929.14(C).
[4] See State v. Green (Sept. 1, 2000), Hamilton App. No. C-990771, unreported.